1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   MATTHEW L. FRASE,

11                    Plaintiff,

12           v.

13   U.S. BANK, N.A., et al.,

14                    Defendants.

CASE NO. C11-1293JLR

ORDER GRANTING
TEMPORARY RESTRAINING
ORDER

15        This matter comes before the court on Plaintiff Matthew L. Frase's verified

16   complaint (Dkt. # 1).  Mr. Frase, who is proceeding pro se, requests, among other relief, a

17   temporary restraining order preventing Defendants U.S. Bank, N.A. ("U.S. Bank"),

18   Mortgage Electronic Registration Systems, Inc. ("MERS"), and LSI Title Agency, Inc.

19   ("LSI") from going forward with the trustee's sale of his home in Nooksack, Washington,

20   scheduled for August 12, 2011, at 10:00 a.m.  (*See id.* at 11-12.)  Mindful of Mr. Frase's

21   pro se status, and in light of Mr. Frase's allegation that the trustee's sale is scheduled to

22   take place on Friday of this week, the court construes Mr. Frase's verified complaint as a

ORDER- 1

1  motion for an ex parte restraining order pursuant to Federal Rule of Civil Procedure

2  65(b).  Having reviewed Mr. Frase's verified complaint, the accompanying documents,

3  and the relevant law, the court GRANTS Mr. Frase's motion for an ex parte temporary

4  restraining order (Dkt. # 1).

5                    **I.    BACKGROUND**

6         On October 3, 2007, Mr. Frase and his wife Michelle Frase executed a Deed of

7  Trust for their property in Nooksack, Washington ("the Property").  (Compl. Ex. B

8  ("Deed of Trust").)  The Deed of Trust designated the Frases as Borrower, "Routh

9  Crabtree Olsen—James Miersma" as Trustee, MERS as Beneficiary "solely as nominee

10 for Lender  . . . and Lender's successors and assigns," and U.S. Bancorp Mortgage

11 Professionals, LLC as Lender.  (*Id.*)

12        On March 22, 2011, Asset Foreclosure Services, "As Agent for the Trustee and/or

13 Agent for the Beneficiary," executed a Notice of Default on the Frases' Property.

14 (Compl. Ex. G at 69-71[1] ("Notice of Default"); *see also* Compl. Ex. E (Notice of

15 Trustee's Sale, stating that the Notice of Default was served upon the Frases on March

16 22, 2011).)  The Notice of Default represents that the "beneficial interest under said Deed

17 of Trust and the obligations secured thereby are presently held by or will be assigned to

18 US Bank, NA".  (Notice of Default at 69.)  The Notice of Default states that the Frases

19 had been delinquent in paying their loan since August 1, 2010, and that the amount due

20 on the Frases' obligations as of March 22, 2011, was $16,177.64.  (*Id.* at 70.)

21  _____

22        [1] For ease of reference, the court refers to the page numbers generated by the court's
electronic filing system.

1    Attached to the Notice of Default is a document entitled, in part, "Beneficiary

2  Declaration of Compliance With (Or Exception From) RCW 61.24 (Section 2) and

3  Authorization of Agent (For Notice of Default)."  (Compl. Ex. G at 72-73 ("Declaration

4  of Compliance").)  The Declaration of Compliance, executed on January 31, 2011, states

5  that U.S. Bank is the "current beneficiary" and purports, on U.S. Bank's behalf, to

6  authorize "the trustee, the foreclosing agent and/or their authorized agent to sign on

7  behalf of the beneficiary, the notice of default containing the declaration required

8  pursuant to 61.24.030."  (*Id.* at 73.)  The Declaration of Compliance appears to be dated

9  "12.17.13."  (*Id.*)

10    Also attached to the Notice of Default is a document entitled "Declaration of the

11  Beneficiary as to the actual holder of the Promissory Note."  (Compl. Ex. G at 74

12  ("Declaration of Beneficiary").)  The Declaration of Beneficiary states, "The undersigned

13  beneficiary declares that they are the owner and actual holder and has possession of the

14  promissory note or other obligation secured buy [sic] the Deed of Trust[.]"  (*Id.*)  The

15  Declaration of Beneficiary references the Frases' recorded Deed of Trust and includes the

16  address of the Property, but it does not include the name of any beneficiary.  (*Id.*)  The

17  Declaration of Beneficiary was signed on February 24, 2011.  (*Id.*)

18    On March 23, 2011, MERS executed an assignment of its beneficial interest in the

19  Deed of Trust to U.S. Bank.  (Compl. Ex. D ("Assignment").)  The Assignment was

20  recorded on May 9, 2011.  (*Id.*)

21

22

ORDER- 3

1    On April 26, 2011, U.S. Bank executed an Appointment of Successor Trustee in

2    which it appointed LSI as trustee.  (Compl. Ex. C.)  The Appointment of Successor

3    Trustee was recorded on May 9, 2011.  (*Id.*)

4    On May 9, 2011, LSI recorded a Notice of Trustee's Sale for the Property.

5    (Compl. Ex. E ("Notice of Trustee's Sale").)  The Notice of Trustee's Sale sets the date

6    of the sale on August 12, 2011, and states that the Trustee intended to sell the property at

7    auction unless the Frases took action to cure the default before August 1, 2011.  (*Id.*)

8    The Notice of Trustee's Sale states that the total amount in arrears, as of May 2011, was

9    $20,085.20.  (*Id.*)

10                              **II.    ANALYSIS**

11    A plaintiff seeking a temporary restraining order in federal court must meet the

12    standards for issuing a preliminary injunction.  Accordingly, the plaintiff must establish

13    (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable

14    harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor,

15    and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council,*

16    *Inc.*, 129 S. Ct. 365, 374 (2008).  In addition, a "preliminary injunction is appropriate

17    when a plaintiff demonstrates that serious questions going to the merits were raised and

18    the balance of hardships tips sharply in the plaintiff's favor,"  provided the plaintiff also

19    demonstrates irreparable harm and that the injunction is in the public interest.  *Alliance*

20    *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

21    Nonjudicial foreclosures in Washington are governed by the Deed of Trust Act

22    ("DTA"), chapter 61.24 RCW.  *Cox v. Helenius*, 693 P.2d 683, 685 (Wash. 1985); *see*

ORDER- 4

1 | *also Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1121-22 (W.D.

2 | Wash. 2010) (explaining the operation of the DTA).  The Deed of Trust Act sets out a

3 | number of prerequisites that must be satisfied before property can be sold in a trustee's

4 | sale.  RCW 61.24.030.  The court's review of Mr. Frase's submissions indicates that two

5 | of these prerequisites are at issue here.  First, RCW 61.24.030(7)(a) provides that it shall

6 | be a requisite to a trustee's sale:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust.  A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

11 | RCW 61.24.030(7)(a).  Second, RCW 61.24.030(8) provides:

> That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor.

16 | RCW 61.24.030(8).

17 | The court concludes, following its review of the documents submitted by Mr.

18 | Frase, that the standard for granting a temporary restraining order has been satisfied.  As

19 | a preliminary matter, the court does not question that Mr. Frase is likely to suffer

20 | irreparable harm in the absence of an injunction, as he is at risk of losing his home in the

21 | August 12, 2011 trustee's sale.

22 |

ORDER- 5

1     In addition, the court concludes that there are serious questions going to the merits

2   of Mr. Frase's claim that Defendants did not comply with the requisites of the DTA

3   before filing the Notice of Trustee's Sale.  First, RCW 61.24.030(8) provides that the

4   "beneficiary or trustee" shall transmit written notice of default to the borrower and

5   grantor at least 30 days before the notice of sale.  Here, the Notice of Default was

6   transmitted on March 22, 2011 by Asset Foreclosure Services, purportedly acting as

7   agent for the beneficiary.  As of March 22, 2011, however, MERS was still the

8   beneficiary on the Deed of Trust.  (*See* Deed of Trust.)  MERS did not assign its

9   beneficial interest in the Deed of Trust to U.S. Bank until March 23, 2011.  (*See*

10  Assignment.)  Thus, even if Asset Foreclosure Services was acting as agent for U.S. Bank

11  pursuant to the Declaration of Compliance, it was not acting as agent for the beneficiary

12  on the Deed of Trust.  As a result, the court concludes that there are "serious questions

13  going to the merits" regarding whether the Notice of Default was valid pursuant to RCW

14  61.24.030(8).  *Alliance for the Wild Rockies*, 632 F.3d at 1134-35.

15     Second, RCW 61.24.030(7)(a) requires proof that the beneficiary is the owner of

16  any promissory note or other obligation secured by the Deed of Trust before the trustee's

17  sale can go forward.  Here, the Declaration of Beneficiary does not name any beneficiary.

18  (*See* Declaration of Beneficiary.)  Further, the Declaration of Beneficiary was executed

19  on February 24, 2011, when MERS was still the beneficiary on the Deed of Trust.  (*See*

20  *id.*)  Thus, it is unclear which entity owned the note at the time the Notice of Trustee's

21  Sale was recorded.  At minimum, there is nothing on the Declaration of Beneficiary that

22  indicates that U.S. Bank, on whose behalf LSI purports to foreclose on the Property,

ORDER- 6

1  owns the note.  Although the trustee is generally "entitled to rely on the beneficiary's

2  declaration" as evidence that the beneficiary is the owner of the note, *see* RCW

3  62.24.030(8), here the Declaration of Beneficiary appears to be so deficient that the court

4  concludes that there are "serious questions going to the merits" regarding whether

5  Defendants complied with RCW 61.24.030(7).  *Alliance for the Wild Rockies*, 632 F.3d at

6  1134-35.

7      Finally, the court concludes that the balance of hardships tips sharply in Mr.

8  Frase's favor and that an injunction is in the public interest.  *See id.*  The balance of

9  hardships favors Mr. Frase:  the hardship to Defendants of a delayed trustee's sale is far

10 outweighed by the hardship that Mr. Frase would endure if he lost his home as a result of

11 an improper nonjudicial foreclosure.  With respect to the public interest, the court finds

12 that although the Washington legislature enacted the DTA in order to provide an efficient

13 and inexpensive means of nonjudicial foreclosure, *see Plein v. Lackey*, 67 P.3d 1061,

14 1065 (Wash. 2003), it is not in the public interest to allow a trustee's sale to go forward

15 where there are serious questions regarding whether the beneficiary of the Deed of Trust

16 and the trustee complied with the requisites of the DTA.  The court therefore GRANTS

17 Mr. Frase's ex parte motion for a temporary restraining order.

18          **III.   CONCLUSION**

19      For the foregoing reasons, the court GRANTS Mr. Frase's motion for an ex parte

20 temporary restraining order (Dkt. # 1).  The court ORDERS as follows:

21      (1)    Defendants are enjoined and restrained from proceeding with the sale of

22 Mr. Frase's property until further order of this court;

ORDER- 7

1      (2)     Mindful of Mr. Frase's pro se status, the court construes Mr. Frase's

2   verified complaint as a motion for a preliminary injunction.  A hearing on Mr. Frase's

3   motion for a preliminary injunction shall be held on **August 22, 2011, at 11:30 a.m.,**

4   pursuant to Fed. R. Civ. P. 65(b)(3).  Defendants shall file a response to Mr. Frase's

5   motion by no later than noon on Wednesday, August 17, 2011.  Defendants' response

6   shall address, at minimum, the issues identified by the court in this order.  Mr. Frase may

7   file a reply, if any, by no later than 5:00 p.m. on Friday, August 19, 2011;

8      (3)     Upon request by Defendants, the court may require Mr. Frase to provide

9   reasonable security in the event a preliminary injunction is issued, as required by Fed. R.

10  Civ. P. 65(c);

11     (4)     This order shall be in effect from the time of filing on August 8, 2011, until

12  5:00 p.m. on August 22, 2011 unless it is extended by the court for good cause or by

13  consent of the parties, or is dissolved upon motion by Defendants.  Fed. R. Civ. P.

14  65(b)(2), (3), (4); and

15     (5)     Mr. Frase shall promptly serve each Defendant with a copy of this order.

16  Mr. Frase shall file proof with the court by no later than Thursday, August 11, 2011 that

17  he has served this order upon Defendants.

18          Dated this 8th day of August, 2011.

19

20

21  JAMES L. ROBART
    United States District Judge

22

ORDER- 8