UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW L. FRASE,

               Plaintiff,

        v.

U.S. BANK, N.A,, et al.

             Defendants.

CASE NO. C11-1293JLR

ORDER

## I.     INTRODUCTION

Before the court are (1) Defendants Mortgage Electronic Registration Systems, Inc.'s ("MERS") and U.S. Bank, N.A.'s ("U.S. Bank") motion to dismiss (Dkt. # 60); (2) MERS and U.S. Bank's second request for judicial notice of certain documents and facts (Dkt. # 62); (3) Defendant LSI Title Agency, Inc.'s ("LSI") joinder in MERS' and U.S. Bank's motion to dismiss (Dkt. # 66); and (4) Plaintiff Matthew L. Frase's motion for an extension of time in which to respond to Defendants' motion to dismiss (Dkt. # 64). Having reviewed the motions, the parties' responses and replies, and the applicable law,

the court GRANTS Defendants' motion to dismiss (Dkt. # 60), GRANTS LSI's joinder in the motion to dismiss (Dkt. # 66), GRANTS in part and DENIES in part MERS' and U.S. Bank's request for judicial notice (Dkt. # 62), and GRANTS Mr. Frase's motion for an extension of time to respond to the motion to dismiss (Dkt. # 64).[1]

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On August 5, 2011, Mr. Frase filed a lawsuit against LSI, MERS, and U.S. Bank related to the non-judicial foreclosure proceeding that Defendants had initiated with respect to certain real property, which Mr. Frase and his wife own in Nooksack, Washington ("the Property").  (*See generally* Compl. (Dkt. # 1).)  Documents attached to Mr. Frase's complaint indicate the following course of events.  On October 3, 2007, Mr. Frase and his wife Michelle Frase executed a Deed of Trust for the Property.  (Compl. Ex. B ("Deed of Trust").)  The Deed of Trust designated the Frases as Borrower, "Routh Crabtree Olsen—James Miersma" as Trustee, MERS as Beneficiary "solely as nominee for Lender . . . and Lender's successors and assigns," and U.S. Bancorp Mortgage Professionals, LLC as Lender.  (*Id.*)

On March 22, 2011, Asset Foreclosure Services, "[a]s Agent for the Trustee and/or Agent for the Beneficiary," executed a Notice of Default on the Frases' Property.  (Compl. Ex. G at 69-71[2] ("Notice of Default"); *see also* Compl. Ex. E (Notice of Trustee's Sale, stating that the Notice of Default was served upon the Frases on March

---

[1] No party has requested oral argument, and the court deems it unnecessary here.

[2] For ease of reference, the court refers to the page numbers generated by the court's electronic filing system.

22, 2011).) The Notice of Default states that the "beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by or will be assigned to US Bank, NA." (Notice of Default at 69.) The Notice of Default further states that the Frases had been delinquent in paying their loan since August 1, 2010, and that the amount due on the Frases' obligations as of March 22, 2011 was $16,177.64. (*Id.* at 70.)

Attached to the Notice of Default is a document entitled, in part, "Beneficiary Declaration of Compliance With (Or Exception From) RCW 61.24 (Section 2) and Authorization of Agent (For Notice of Default)." (Compl. Ex. G at 72-73 ("Declaration of Compliance").) The Declaration of Compliance, executed on January 31, 2011, states that U.S. Bank is the "current beneficiary" and purports, on U.S. Bank's behalf, to authorize "the trustee, the foreclosing agent and/or their authorized agent to sign on behalf of the beneficiary, the notice of default containing the declaration required pursuant to 61.24.030(8)." (*Id.* at 73.) The Declaration of Compliance appears to be dated "12.17.13." (*Id.*)

Attached to the Notice of Default is another document entitled "Declaration of the Beneficiary as to the actual holder of the Promissory Note." (Compl. Ex. G at 74 ("Declaration of Beneficiary").) The Declaration of Beneficiary states, "The undersigned beneficiary declares that they [sic] are the owner and actual holder and has possession of the promissory note or other obligation secured buy [sic] the Deed of Trust[.]" (*Id.*) The Declaration of Beneficiary references the Frases' recorded Deed of Trust and includes the address of the Property, but it does not include the name of any beneficiary. (*Id.*) The Declaration of Beneficiary was signed on February 24, 2011. (*Id.*)

On March 23, 2011, MERS executed an assignment of its beneficial interest in the Deed of Trust to U.S. Bank. (Compl. Ex. D ("Assignment").) The Assignment was recorded on May 9, 2011. (*Id.*)

On April 26, 2011, U.S. Bank executed an Appointment of Successor Trustee in which it appointed LSI as trustee. (Compl. Ex. C.) The Appointment of Successor Trustee was recorded on May 9, 2011. (*Id.*)

On May 9, 2011, LSI recorded a Notice of Trustee's Sale for the Property. (Compl. Ex. E ("Notice of Trustee's Sale").) The Notice of Trustee's Sale sets the date of the sale on August 12, 2011, and states that the Trustee intended to sell the Property at auction unless the Frases took action to cure the default before August 1, 2011. (*Id.*) The Notice of Trustee's Sale states that the total amount in arrears, as of May 2011, was $20,085.20. (*Id.*)

In his August 5, 2011 complaint against U.S. Bank, MERS, and LSI, Mr. Frase alleges, among other claims, that Defendants did not comply with the requisites of Washington's Deed of Trust Act ("DTA"), chapter 61.24 RCW. (*See generally* Compl.) In addition to violations of the Deed of Trust Act, Mr. Frase also alleges (1) "disparity" or violations of 42 U.S.C. §§ 1981-1986; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; (5) foreclosure on incorrect note; (6) federal tax claims; (7) recoupment and setoff; (8) claims for "failed endorsements" or "erroneous alleged default" (both of which appears to be variants of a

claim commonly known as the "show me the note" claim); (9) two claims for slander of title; and (10) claims for declaratory and injunctive relief arising out of alleged violations of the Deed of Trust Act, fraudulent assignment of the Deed of Trust, and the role of MERS with regard to the Note.[3]

On August 8, 2011, the court granted Mr. Frase's motion for a temporary restraining order concluding that there were serious questions going to the merits of Mr. Frase's claim that Defendants did not comply with the requisites of the DTA before filing the May 9, 2011 Notice of Trustee's Sale. (TRO (Dkt. # 4) at 6.) On September 30, 2011, the court granted Mr. Frase's motion for a preliminary injunction enjoining Defendants from proceeding with the foreclosure that was presently pending on the Property due to evidence that Mr. Frase had presented procedural irregularities indicating that Defendants were not in strict compliance with Washington's Deed of Trust Act. (*See* Min. Entry (Dkt. # 30).) The court, however, also warned Mr. Frase that nothing in the court's preliminary injunction prevented Defendants from simply restarting the foreclosure process over again and doing it properly and in strict compliance with Washington's statutory requirements. (*See* Transcript of 9/1/2011 Hearing.) Thus, while the court's order would provide Mr. Frase some additional time, it did not mean that he

---

[3] Mr. Frase's complaint appears to be a nearly identical copy of a form complaint that has been previously dismissed numerous times by federal courts in the Western District of Washington. *See, e.g., Fay v. Mortgage Electronic Registration System, Inc.*, No. C11-5458BHS, 2012 WL 993437 (W.D. Wash. Mar. 22, 2012); *Buddle-Vlasyuk v. Bank of New York Mellon*, No. 11-CV-5561 RBL, 2012 WL 254096 (W.D. Wash. Jan. 27, 2012); *Van Nguyen v. Recontrust Co., N.A.*, No. 11–cv–5642, 2012 WL 34259 (W.D. Wash. Jan. 6, 2012); *Oliveros v. Deutsche Bank Nat. Trust Co., N.A.*, No. 11–cv–05581, 2012 WL 113493 (W.D. Wash. Jan. 13, 2012).

1  could stay in his house indefinitely during the pendency of the lawsuit.  The court further

2  ordered Mr. Frase to post a bond of $6,000.00.  (*See* Min. Entry.)  There is no evidence

3  that Mr. Frase ever posted the required bond.

4        On September 15, 2011, Mr. Frase moved for summary judgment that LSI had

5  violated Washington's Deed of Trust Act, RCW 61.24.030(6), by failing to maintain an

6  office and telephone service within the State of Washington.  (S.J. Mot. (Dkt. # 37).)  On

7  March 1, 2012, the court denied Mr. Frase's motion.  (3/1/2012 Order (Dkt. # 59).)

8        On November 2, 2011, LSI discontinued the trustee's sale that had been originally

9  scheduled for August 11, 2011.  (Request for Jud. Not. (Dkt. # 62) Ex. 1; Resp. (Dkt. #

10  67) Ex. 1.)  On November 18, 2011, U.S. Bank appointed Peak Foreclosure Services of

11  Washington ("Peak Foreclosure") as successor trustee, replacing LSI.  The Appointment

12  of Successor Trustee was recorded in Whatcom County on December 6, 2011 under

13  document number 2111200569.  (Resp. Ex. 2.)

14        On February 28, 2012, Peak Foreclosure recorded a second Notice of Trustee's

15  Sale for the Property.  (Resp. Ex. 5 ("Second Notice of Trustee's Sale").)  The second

16  Notice of Trustee's sets the date of the sale on June 8, 2012, and states that the Trustee

17  intends to sell the Property at auction unless the Frases take action to cure the default

18  before May 28, 2012.  (*Id.*)  The second Notice of Trustee's Sale states that the total

19  amount in arrears on the Note, as of February 2012, was $39,623.00.  (*Id.*)

20

21

22

# III.    ANALYSIS

## A.  Standard of Review

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**B. Documents Attached to the Complaint and Judicial Notice of Publicly-Filed Documents**

When determining if a complaint states a claim for relief, the court may consider facts contained in documents attached to the complaint. *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Accordingly, the court considers documents Mr. Frase attached to his complaint as exhibits, including the Deed of Trust (Compl. Ex. B), the Appointment of Successor Trustee (*id.* Ex. C), the Assignment of Deed of Trust (*id.* Ex. D), and the May 5, 2011 Notice of Trustee's Sale (*id.* Ex. E).

In addition, although as a general rule the court may not consider materials not originally included in the pleadings in deciding a Federal Rule of Civil Procedure 12 motion, the court may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Pursuant to Defendants' request (Dkt. # 62), the court takes judicial notice of the following publically filed records: (1) Notice of Discontinuation of Trustee's Sale (*id.* Ex. 1)[4], (2) the November 4, 2010 UCC Claim of Sweat Equity (*id.* Ex. 6), (3) the November 13, 2010 Lis Pendens Mechanics Lien Claim (*id.* Ex. 7), and (4) the August 8,

---

[4] Mr. Frase also attached a copy of this document to his response to Defendants' motion to dismiss. (Resp. Ex. 1.)

2011 Lis Pendens (*id.* Ex. 8).[5] In addition, the court *sua sponte* takes judicial notice of publicly filed documents attached to Mr. Frase's response to Defendants' motion to dismiss, including (1) the November 18, 2011 Appointment of Successor Trustee appointing Peak Foreclosure as trustee (Resp. Ex. 2), and (2) the February 28, 2012 Notice of Trustee's Sale (*id.* Ex. 5), which was filed with Whatcom County on February 29, 2012 under document number 2120203424.[6]

### C. Motion for Extension of Time to Respond

On March 15, 2012, Mr. Frase moved the court for an extension of time in which to file his response to Defendants' motion to dismiss due to a family emergency. (*See* Mot. for Relief (Dkt. # 64).) Mr. Frase ultimately filed his response on March 23, 2012. (*See* Resp.) Defendants MERS and U.S. Bank filed their reply memorandum on April 3, 2012.

Defendants did not respond to Mr. Frase's motion seeking additional time. There is no assertion that Defendants have been prejudiced in any way by the delay in Mr. Frase's response. Under Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). The court, therefore,

---

[5] The remainder of Defendants' request for Judicial Notice is denied because the facts or documents are either irrelevant with respect to the motion to dismiss or inappropriate for judicial notice under Federal Rule of Evidence 201.

[6] Under Federal Rule of Evidence 201(c)(1), the court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). If a party objects to the court's notice of these documents, then, on request, the court will hear the objection. *See* Fed. R. Evid. 201(e).

GRANTS Mr. Frase's motion for an extension of time in which to file his response to Defendants' motion to dismiss. Accordingly, his response to Defendants' motion to dismiss is deemed timely.

### D. Disparity

Mr. Frase has asserted a claim he entitles "disparity" and cites as authority for this claim 42 U.S.C. §§ 1981-1986. (Compl. ¶ 19 at 5-6.) Mr. Frase makes no allegation that defendants engaged in purposeful or intentional discrimination on the basis of race, and therefore his § 1981 and § 1982 claims will be dismissed. *See Moore v. Fed. Nat'l Mortg. Ass'n*, No. C11–1342RSL, 2012 WL 424583, at *3 (W.D. Wash. Feb. 9, 2012) (citing *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination"); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968) ("§ 1982 is not a comprehensive open housing law. . . . [and] deals only with racial discrimination"); *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 822 (10th Cir. 1981) (a "plaintiff must prove discriminatory purpose to prove a violation of 42 U.S.C. § 1982")).

Mr. Frase also makes no allegation that Defendants were acting under color of state law or deprived him of some right secured by the Constitution or laws of the United States, and accordingly, his § 1983 claim will be dismissed. *See Moore*, 2012 WL 424583, at *3 (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) (summarizing the elements of a § 1983 claim and indicating that "purely private conduct, no matter how wrongful, is not within the [statute's] protective orbit")).

Mr. Frase does not allege racial or class-based animus, and as a result his § 1985 and § 1986 claims will also be dismissed. *See Moore*, 2012 WL 424583, at *3 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (claim under § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions"); *Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th Cir. 1985) (a § 1985(2) claim must be premised on "an allegation of class-based animus"); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985")).

Finally, to the extent that Mr. Frase's "disparity" claim is a variation of a "show me the note" claim, *see Oliveros*, 2012 WL 113493, at *3, it is also subject to dismissal. Courts in the Western District of Washington have routinely rejected this claim. *See id.* (citing *Mikhay v. Bank of Am., NA.*, 2011 WL 167064, *2-*3 (W.D. Wash. Jan. 11, 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027, at *2 (W.D. Wash. Jan. 4, 2011); *Pelzel v. First Saving Bank Nw.*, 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010*); Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. Mar. 24, 2010)). In any event, Washington's Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the Trustee, and not the borrower. *Oliveros*, 2012 WL 113493, at *3 (citing RCW 61.24.030(7)). Accordingly, the court dismisses Mr. Frase's "disparity" claim.

## E.  RESPA

Mr. Frase has also inadequately plead his RESPA claim.  Mr. Frase alleges that he sent "multiple Qualified Written Requests" to U.S. Bank, and that "to date Plaintiff has never received any response and/or received an inadequate response" in violation of RESPA.  (Compl. at 6.)  RESPA provides in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).

First, the court notes that a claim under RESPA based on a qualified written request can only lie against a "servicer" of mortgage.  *Id.*  "The term 'servicer' means the person responsible for servicing of a loan . . . ."  12 U.S.C. § 2605(i)(2).  Mr. Frase has failed to allege that U.S. Bank is his loan servicer.  *See, e.g.*, *Hanson v. U.S. Bank*, No. CV11-5287-RBL, 2011 WL 5864722, at *3 (W.D. Wash. Nov. 22, 2011) ("[Plaintiff's] RESPA/breach of contract claim is not viable because neither MERS nor U.S. Bank was a loan servicer.")  Absent a good faith allegation that U.S. Bank is the servicer of his loan, Mr. Frase's RESPA claim is inadequately plead and subject to dismissal.

Second, RESPA provides that anyone who violates RESPA shall be liable for actual damages to the individual who brings the action.  *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" where there is no pattern or practice of noncompliance with the requirements of § 2605).  "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as

requiring a showing of pecuniary damages in order to state a claim." *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (citing *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA.  [Plaintiff]  must, at a minimum, also allege that the breach resulted in actual damages."); *Sitanggang v. Countrywide Home Loans, Inc.*, No. 09-56700, 419 Fed. App'x 756, 757 (9th Cir. Mar. 8, 2011) (unpublished) (Plaintiff's RESPA claim "was properly dismissed because she did not allege facts suggesting that she suffered any actual damages")).

Although, Mr. Frase does request statutory damages (*see* Compl. at 12), his allegations are insufficient to establish a "pattern or practice" of RESPA violations, which is a necessary underpinning for a claim of statutory damages.  *See* 12 U.S.C. § 2605(f)(1)(B) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.  Although Mr. Frase alleges that he sent "multiple" qualified written requests to U.S. Bank (*see* Compl. ¶ 20), he attaches only two to his complaint (*id.* Ex. F).  While the second purported "qualified written request"[7] is addressed to U.S. Bank, the first is addressed to Routh Crabtree Olsen- James Miersma, who is listed as the trustee on Mr. Frase's Deed of Trust (*id.* Ex. B), but is not a party to this lawsuit.  Even

---

[7] The court assumes for purposes of this decision, without deciding, that the letters attached as Exhibit F to Mr. Frase's complaint constitute "qualified written requests" under RESPA.

assuming both of these letters somehow constitute "qualified written requests" to U.S. Bank under RESPA, the failure to respond to two such letters does not constitute a "pattern or practice" sufficient to warrant the award of statutory damages under section 2605(f)(1)(B). *See, e.g.*, Espinoza v. Recontrust Co., N.A., No. 09–CV–1687–IEG (RBB), 2010 WL 2775753, at *4 (S.D. Cal. July 13, 2010) (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)). Thus, Mr. Frase has failed to adequately allege any damages, actual or statutory, and accordingly, the court dismisses his RESPA claim on this ground as well.

### F. FDCPA

Mr. Frase has alleged that Defendants violated the FDCPA. (Compl. ¶ 21.) The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To be liable for a violation of the FDCPA, the defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The FDCPA's definition of a debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). While the Ninth Circuit has yet to determine if foreclosure proceedings constitute "debt collection" under FDCPA, "most district courts within the circuit have

found that they do not." *Valle v. JP Morgan Chase Bank, N.A.*, No. 11-cv-2453-MMA

(WMC), 2012 WL 1205635, at *7 (S.D. Cal. Apr. 11, 2012) (citing *Garfinkle v.*

*JPMorgan Chase Bank*, 2011 WL 3157157 (N.D.Cal. July 26, 2011) (stating that district

courts in the Ninth Circuit have generally concluded that foreclosing on a property

pursuant to a deed of trust is not a debt collection within the meaning of the FDCPA and

collecting cases).

      In addition, although Mr. Frase has alleged that LSI "is in violation of the

[FDCPA] . . . by failing to verify the alleged debt" and that the other Defendants (MERS

and U.S. Bank) also violated the FDCPA, he fails to allege facts indicating that

Defendants are "debt collectors" within the meaning of the Act.  (*See* Compl. ¶ 21. )

"This proposition is not self-evident as many courts across the country have held that

mortgage companies are not debt collectors liable under the FDCPA."  *Bank of N.Y.*

*Mellon v. Sakala*, No. CV 11-00618 DAE-BMK, 2012 WL 1424665, at *6 (D. Haw. Apr.

24, 2012) (collecting cases).  Accordingly, the court dismisses this claim.

**G.  FCRA**

      Mr. Frase's FCRA claim is asserted against only U.S. Bank.  (Compl. ¶ 22.)

Because Mr. Frase does not allege that U.S. Bank is a "consumer reporting agency" or

"user of credit information," the court construes the claim as being brought under 15

U.S.C. § 1681s–2(b).  Under section 1681s–2(b), a "furnisher" of information provided to

credit agencies has several duties that arise when the furnisher receives notice from a

consumer reporting agency that a consumer disputes the completeness or accuracy of

information in the consume''s file.  15 U.S.C. § 1681s–2(b)(1).  Mr. Frase alleges that he

properly disputed the alleged debt to credit reporting companies. (Compl. ¶ 22.)
However, he does not allege whether a consumer reporting agency conveyed to U.S.
Bank a notice that would have triggered its investigation and reporting duties under
section 1681s–2(b), or whether any of those duties were violated. Accordingly, the court
dismisses Mr. Frase's FCRA claim as inadequately plead.

## H. Foreclosure of Incorrect Note

Mr. Frase alleges that Defendants are foreclosing on the wrong note, or
alternatively, he "disputes the authenticity of the purported Note relied upon by the
Defendants. (Compl. ¶ 23.) The parties do not dispute that a foreclosure sale has not
taken place on Mr. Frase's property. Indeed, after Mr. Frase obtained a preliminary
injunction against Defendants' first foreclosure proceeding (*see* Min. Entry), Defendants
discontinued that foreclosure proceeding (*see* Request for Jud. Not. (Dkt. # 62) Ex. 1;
Resp. (Dkt. # 67) Ex. 1). Although Defendant U.S. Bank has reinstituted new foreclosure
proceedings against the Property, the foreclosure sale is not scheduled to occur until June
8, 2012. (*See* Resp. Ex. 5.)

In Washington, there is no cause of action for "wrongful foreclosure" when no
foreclosure has in fact occurred. *See Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F.
Supp. 2d 1115, 1123–24 (W.D. Wash. 2010); *see also Thein v. Reconstrust Co., N.A.*, No.
C11–5939BHS, 2012 WL 527530, at *2 (Feb. 16, 2012). Absent a trustee's sale of the
property, a claim for wrongful foreclosure must be dismissed as a matter of law. *Vawter*,
707 F. Supp. 2d at 1124. In this case, there has been no sale of the Property. Therefore,
the court grants Defendants' motion, and Mr. Frase's claim for a wrongful foreclosure is

dismissed as a matter of law. In addition, to the extent that Mr. Frase's claim relies upon a "show me the note theory," the claim is also dismissed because as discussed above this theory is without merit. *See supra* § III.D.

### I. Federal Tax Claims

Mr. Frase's federal tax claims purport to rely on 26 U.S.C. §§ 856, 857(b)(6)(B)(iii) and 1221(a)(1). (*See* Compl. ¶ 24.) Section 856 provides the definition of a "real estate investment trust" and section 857(b) provides the method of taxation of real estate investment trusts and holders of shares or certificates of beneficial interest. Section 857(b)(6) imposes a tax on net income derived from "a sale or other disposition of property described in section 1221(a)(1) which is not foreclosure property." 26 U.S.C. § 857(b)(6)(B)(iii). Section 1221 defines "capital asset." 26 U.S.C. § 1221. Plaintiff has not alleged the existence of a "real estate investment fund." *See, e.g.*, *Beaton v. JP Morgan Chase Bank, N.A.*, No. C11-0872 RAJ, 2012 WL 909768, at *6 (Mar. 15, 2012) (dismissing nearly identical claim). Accordingly, the court dismisses Mr. Frase's federal tax claims.

### J. Recoupment and Setoff

Mr. Frase cites a number of federal and state securities law in an attempt to affirmatively claim recoupment and setoff. (*See* Compl. ¶ 25.) Other plaintiffs in this district have alleged nearly identical causes of action in the face of foreclosure proceedings. Courts in this district have repeatedly held that this claim is not viable as a matter of law. *See, e.g.*, *Buddle-Vlasyuk v. Bank of N.Y. Mellon*, No. 11-CV-561 RBL, 2012 WL 254096, at *4 (W.D. Wash. Jan. 27, 2012); *Oliveros v. Deutsche Bank Nat'l*

*Trust Co., N.A.*, No. 3:11–cv–05581–RBL, 2012 WL 113493, at *5 (W.D. Wash. Jan. 13, 2012). In any event, Mr. Frase's complaint fails to adequately allege facts in support of such a claim. The court, therefore, dismisses this claim.

### K. False Claim – Failed Endorsement/Erroneous Alleged Default

Mr. Frase has alleged two claims which he entitles "False Claim – failed endorsement(s)" and "Erroneous Alleged Default," respectively. (*See* Compl. ¶¶ 26, 27.) Both of these claims, are based on variants of the "show me the note theory." The court dismisses these claims because as discussed above this theory is without merit. *See supra* § III.D.

### L. Material Violations of Washington's Deed of Trust Act

Mr. Frase has alleged "material violations" of Washington's Deed of Trust Act. (Compl. ¶ 28.) Mr. Frase's claim arises out of an alleged error in timing in the execution and recording of documents related to U.S. Bank's first attempt to foreclose on the Property. According to Mr. Frase, "the Appointment of Successor Trustee which Defendant LSI relies upon" was allegedly "prematurely executed on 4/26/11 which was about 2 weeks before Defendant [U.S. Bank] had the power to make the appointment." (*Id.*) In addition, in a motion for summary judgment, Mr. Frase asserted that LSI also violated the Deed of Trust Act by failing to maintain a street address or physical presence with a working telephone number in Washington State as required by RCW 61.24.030(6). (*See* S.J. Mot. (Dkt. # 37).) The court liberally construes Mr. Frase's complaint to contain these alleged violations of the Deed of Trust Act as well.

1    In response to Mr. Frase's assertions concerning Deed of Trust Act violations, the

2    court granted a preliminary injunction preventing Defendants from proceeding with their

3    foreclosure (*see* Min. Entry), and Defendants subsequently cancelled this foreclosure

4    proceeding.  (*See* Request for Jud. Not. (Dkt. # 62) Ex. 1; Resp. (Dkt. # 67) Ex. 1.)

5    Although U.S. Bank has reinstituted new foreclosure proceedings against the Property

6    (*see* Resp. Ex. 5), all of Mr. Frase's allegations with respect to violations of the Deed of

7    Trust Act pertain to a foreclosure process that has been discontinued.  Indeed, LSI is no

8    longer the trustee with respect to the new foreclosure proceedings.  U.S. Bank has

9    appointed Peak Foreclosure as the new successor trustee.  (Resp. Ex. 2.)

10   The alleged violations, therefore, that Mr. Frase raised in his complaint with

11   respect to Deed of Trust Act are no longer at issue.[8]  While Mr. Frase raises questions

12   about the new foreclosure proceedings in his response, and questions whether Peak

13   Foreclosure is actually located at the address listed, these questions are insufficient to

14   assert a claim under Washington's Deed of Trust Act.  In any event, they are not

15   contained within Mr. Frase's complaint.  Accordingly, the court dismisses this cause of

16   action.

17   **H.  Slander of Title**

18   Mr. Frase has asserted two claims for slander of title:  one which arises out of the

19   assignment of Mr. Frase's Deed of Trust and MERS' role with respect to the assignment

20   _____

21   [8] The court notes that the second Notice of Trustee's Sale and Notice of Foreclosure,
     which are attached as exhibits to Mr. Frase's response to Defendants' motion to dismiss, list a
     telephone number and local address for the successor trustee, Peak Foreclosure.  (*See* Resp. Ex.
22   5)

(Compl. ¶ 29), and one which arises out of the Notice of Trustee's Sale and is based on Mr. Frase's allegation that his default on the Note is "not a proven fact" (*id.* ¶ 30). The court dismisses both claims.

"To establish a slander of title action, the plaintiff must establish words that (1) are false; (2) are maliciously published; (3) are spoken with reference to some pending sale or purchase of the property; (4) result in a pecuniary loss or injury to the plaintiff; and (5) defeat plaintiff's claim to title." *Fay*, 2012 WL 993437, at *5 (citing *Brown v. Safeway Stores, Inc.*, 617 P.2d 704, 713 (Wash. 1980). The court finds that the facts alleged by Mr. Frase do not support the element of malicious publication. *Id.* ("[m]alice is not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity"). Accordingly, the Court concludes that Mr. Frase's slander of title claim must be dismissed.

In addition, with respect to his claim for slander of title arising out the MERS' role in the Deed of Trust, Mr. Frase alleges that "[t]he mere fact that an entity (MERS) is named beneficiary of a deed of trust is insufficient to enforce, assign or otherwise convey the obligation if that party (MERS) is not named on the Note as well. (Compl. ¶ 29.) Mr. Frase's claim with respect to MERS has been repeatedly rejected by this court. *See, e.g.*, *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1108-09 (W.D. Wash. 2011); *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash. 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09–1417RAJ, 2010 WL 2102485 (W.D. Wash. May 20, 2010); *Moon v. GMAC Mortg. Corp.*, No. C08–969TSZ, 2008 WL 4741492 (W.D. Wash. Oct. 24, 2008). Further, although certain

issues related to MERS remain pending before the Washington Supreme Court,[9] the

Ninth Circuit has rejected the argument that MERS cannot serve as a nominee on a deed

of trust where the lender still holds the note.  *Cervantes v. Countrywide Home Loans,*

*Inc.*, 656 F.3d 1034, 1041-42 (9th Cir. 2011) (applying Arizona law).  Plaintiff has failed

to allege facts or advance an argument that distinguishes his case from these recent

decisions.  *See Fay*, 2012 WL 993437, at *6.

In addition, Mr. Frase signed a Deed of Trust that specifically states that MERS

acts "as a nominee for the Lender and Lender's successors and assigns" and that MERS

"has the right: to exercise any or all of those interests, including, but not limited to, he

right to foreclose and sell the Property; and to take any action required of Lender

including, but not limited to, releasing or canceling this Security Instrument."  (Compl.

Ex. B at 2.)  Accordingly, the court dismisses Plaintiff's claim for slander of title with

respect to MERS on these grounds as well.

## I.  Declaratory and Injunctive Relief

Mr. Frase's claims for declaratory and injunctive relief are based on his underlying

claims.  Because the court is dismissing all of Mr. Frase's claims, as discussed above, his

claims for declaratory and injunctive relief must also be dismissed.

---

[9] *See Selkowitz v. Litton Loan Servicing LP,* W.D. Wash. Case No. C10–5523JCC; *Bain v. Metro. Mortg. Group Inc.*, W.D. Wash. Case No. C09–O 149JCC (certifying certain questions related to MERS to the Washington Supreme Court pursuant to RCW 2.60.020).

**J.  Leave to Amend**

Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Where a defendant moves to dismiss under Fed.R.Civ.P. 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

The court recognizes that it may be possible for Mr. Frase to cure some of the defects of the dismissed complaint if provided the opportunity to amend.  Accordingly, the complaint is dismissed as against all defendants, but with leave to amend.  The court directs Mr. Frase to file an amended complaint within twenty days of the date of this order.  Failure to do so within the time limit set by the court will result in dismissal of this action with prejudice.  Mr. Frase is also advised that the amended complaint must plainly and clearly state how each named defendant has injured him, and it must allege facts specific to Mr. Frase's claims as opposed to mere legal conclusions.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS U.S. Bank's and MERS' motion to dismiss the complaint (Dkt. # 60), along with LSI's joinder in the motion (Dkt. # 66), but with leave to amend as described above.  The court also GRANTS in part and DENIES in part U.S. Bank's and MERS' request for judicial notice (Dkt. # 62).  Finally, the court

also GRANTS Mr. Frase's motion for additional time in which to file his responsive memorandum (Dkt. # 64).

Dated this 11th day of May, 2012.

_____
JAMES L. ROBART
United States District Judge